**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Dwayne A. Reddick


        v.                                    05-cv-132-PB


Superintendent, Hillsborough County
Department of Corrections, et al.
_____

**REPORT AND RECOMMENDATION**
_____

        Proceeding *pro se* and *in forma pauperis*, plaintiff Dwayne A.
Reddick brings this action pursuant to 42 U.S.C. § 1983, alleging
that defendants have abridged his rights under the First, Eighth
and Fourteenth Amendments to the United States Constitution
(document no. 2).  Named as defendants are James O'Mara,
Superintendent of the Hillsborough County Department of
Corrections ("HCDOC"), and HCDOC Correctional Officers Dionne,
Braffitt, Martin and Bourgeois.  The complaint is before me for
preliminary review to determine whether, among other things, it
states a claim upon which relief may be granted.  See 28 U.S.C. §
1915A; U.S. District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2).

        For the reasons stated below, I recommend that the complaint
be dismissed.

**Standard of Review**

In reviewing a *pro se* complaint, this Court must construe the pleading liberally and in favor of the *pro se* litigant.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

Reddick is currently a pretrial detainee at the HCDOC. During the course of his incarceration, he claims, prison officials have subjected him to numerous constitutional deprivations in violation of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.  The deprivations allegedly arise from two incidents where he

attempted to invoke his First Amendment right to free speech.

The first incident occurred on September 28, 2004 while Reddick was talking to an inmate in an adjacent cell and was ordered by Martin to stop talking.  When Reddick replied that his rights were being violated he was ordered to lock-down.  Although he complied with the order, within twenty minutes he was escorted in restraints to Unit 1A to await a disciplinary hearing and was issued a disciplinary report (04-3361).  On October 1, 2004, Bourgeois allegedly found him guilty of "talking."

The second incident occurred on December 22, 2004 when Reddick was out of his cell and attending "med pass."  At that time, he was whispering to another inmate and Braffitt ordered him to "lock-in" for talking during "med pass."  Although Reddick complied with the order, he was subjected to a twenty-three hour lock-down for six days and was issued a second disciplinary report (04-4270).  On December 28, 2004, Bourgeois conducted a hearing, found Reddick guilty of the above infraction and classified him to 2B, a maximum security housing unit.  Reddick's appeal was denied by Dionne on December 29, 2004, and his subsequent appeals of disciplinary reports 04-3361 and 04-4270 filed on March 21, 2005 were denied by Dionne and O'Mara.

Reddick now brings this action pursuant to Section 1983, alleging that defendants' acts and omissions rise to the level of constitutional deprivations under the First, Eighth and Fourteenth Amendments.

**Discussion**

I.   <u>Section 1983 Claims</u>

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  <u>See</u> 42 U.S.C. § 1983; <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981); <u>Rodriquez-Cirilo v. Garcia</u>, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997).

The premise of Reddick's Section 1983 action is that prison officials abridged his First Amendment right to freedom of speech by ordering him to refrain from speaking with an inmate in an adjacent cell (Count I) and to refrain from speaking to another inmate during "med pass" (Count III).  He further alleges that defendants conspired to violate his First, Eighth and Fourteenth

4

Amendment rights by disciplining him for talking, subjecting him
to lock-downs and denying his appeals of the disciplinary reports
issued against him (Counts II, IV and V).

     A.   <u>First Amendment Claims</u>

     While a prisoner does not completely sacrifice his right to
free speech, this right is necessarily diminished by his
incarceration. <u>Jones v. N. C. Prisoners' Labor Union, Inc.</u>, 433
U.S. 119, 125 (1977). Prison inmates retain First Amendment
rights not inconsistent with their status as prisoners or the
legitimate penological objectives of the corrections system.
<u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974). "This is because
certain privileges and rights must necessarily be limited in the
prison context." <u>Johnson v. California</u>, 125 S. Ct. 1141, 1149
(2005) ("'[L]awful incarceration brings about the necessary
withdrawal or limitation of many privileges and rights, a
retraction justified by the considerations underlying our penal
system'" (quoting <u>Price v. Johnston</u>, 334 U.S. 266, 285 (1948)).
In prison, restrictions may be no more intrusive than reasonably
necessary in order to effectuate legitimate policies and
objectives. <u>Procunier v. Martinez</u>, 416 U.S. 396, 412 (1974).
However, a plaintiff "must make specific allegations that
indicate a deprivation of constitutional rights; general,

indirect and conclusory allegations are not sufficient." Hankard
v. Town of Avon, 126 F.3d 418, 423 (2d Cir. 1997).

In Counts I and III of the complaint, Reddick alleges that
prison officials abridged his First Amendment right to freedom of
speech by ordering him to refrain from speaking with an inmate in
an adjacent cell and to further refrain from speaking to another
inmate during "med pass."  "Casual conversation confined to a
small social group that is not public speech intended to inform,
edify, or entertain the listeners is not protected by the free
speech clause." Reyes v. McEachern, No. 04-10969, 2005 WL 361817
at *1 (5th Cir. 2005) (citing Jackson v. Cain, 864 F.2d 1235,
1248 (5th Cir. 1989) and Swank v. Smart, 898 F.2d 1247, 1250 (7th
Cir. 1990)).  Furthermore, "a prison inmate does not have an
unlimited right to speak when and where he might so desire or to
speak about any topic." Alexander v. Cook, 02-cv-072, 2002 WL
32191035 at *2 (N.D. Tex. Oct. 29, 2002).  Here, Reddick's
conversations with the other inmates appear to be casual and
private and not a matter of public concern.  Accordingly, I
conclude that the facts alleged in Counts I and II do not rise to
the level of protected speech under the free speech clause and
therefore fail to state cognizable First Amendment claims.

B.   <u>Eighth Amendment Claims</u>

Construed liberally, Count III of the complaint further alleges that defendants abridged Reddick's Eighth Amendment right to be free from cruel and unusual punishment when they placed him in a twenty-three hour lock-down for six days.

Courts have recognized that extended periods of lock-down can violate the Eighth Amendment.  <u>See</u> <u>Delaney v. DeTella</u>, 256 F.3d 679, 686 (7th Cir. 2001) (six-month lock-down violative of Eighth Amendment).  Lock-down periods of less than thirty days, however, generally do not violate the Eighth Amendment.  <u>See</u> <u>Harris v. Fleming</u>, 839 F.2d 1232, 1236 (7th Cir. 1988)(twenty-eight days in segregation not violative of Eighth Amendment) and <u>Caldwell v. Miller</u>, 790 F.2d 589, 601 (7th Cir. 1986)(thirty days of twenty-four hour lock-down not violative of Eighth Amendment).  Reddick has not alleged that the lock-down has caused him more than inconvenience or discomfort, neither of which amount to a "'wanton and unnecessary infliction of pain'" violative of the Eighth Amendment.  <u>See</u> <u>Liles v. Camden County Dep't of Corr.</u>, 225 F. Supp. 2d 450, 461 (D.N.J. 2002)(quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).  Accordingly, I conclude that he has failed to state a cognizable Eighth Amendment claim.

7

C.   Fourteenth Amendment Claims

    1.   Administrative Segregation

      Construed liberally, Count IV of the complaint alleges that defendants abridged Reddick's Fourteenth Amendment right to due process by classifying him to the maximum security unit for an extended period of time.

    "[T]o present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." Ortiz v. McBride, No. 02-0088, 2004 WL 1842644 at *5 (2d Cir. Aug. 18, 2004) (citing Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001)). "Prison discipline implicates a liberty interest when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Id. (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)).

    A prisoner does not normally have a liberty interest in remaining free of disciplinary or administrative segregation, see Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995), therefore, Reddick has not established that he has a liberty interest in being free from being placed in the maximum security unit. Nor has he demonstrated that his restricted confinement

imposed atypical and significant hardship in relation to the ordinary incidents of prison life at the HCDOC, see Trice v. Clark, 1996 WL 257578 at *3 (S.D.N.Y. May 16, 1996) (longer confinements in secured housing unit (150 days), combined with a greater loss of privileges, did not implicate atypical and significant hardship).  Because Reddick's confinement in the maximum security unit cannot be considered an "atypical and significant hardship," no liberty interest is implicated and his due process rights, therefore, are not violated.  Accordingly, I conclude that he has failed to state a Fourteenth Amendment due process claim premised upon his confinement in the maximum security unit.

2.   Administrative Appeals

Counts II, IV and V of the complaint allege that defendants violated Reddick's Fourteenth Amendment rights by finding him guilty of talking to other inmates and denying his administrative appeals of the disciplinary reports issued against him.

Defendants' alleged failure to grant Reddick's administrative appeals of his grievances does not rise to the level of a Fourteenth Amendment due process violation.  See Odom v. Poirier, 99-Civ.-4933 (GBD), 2004 WL 2884409 at *10 (S.D.N.Y. Dec. 10, 2004) (holding that corrections officers' alleged

failure to properly address plaintiff's grievances did not create a cause of action for denial of due process because plaintiff failed to identify a liberty interest protected by the Due Process Clause). "While the filing of grievances is constitutionally protected, the manner in which grievance investigations are conducted do not create a protected liberty interest." Id. (citing Torres v. Mazzuca, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("[p]rison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment."). Nor does an inmate have a federally protected right to have his grievances resolved to his satisfaction. Geiger v. Jones, 404 F.3d 371, 374 (5th Cir. 2005)(prisoner had no federally protected interest in having grievances resolved to his satisfaction); accord Wilson v. Johnson, No. 04-20495, 2005 WL 977830 at *1 (5th Cir. 2005).

Here, Reddick does not allege that defendants denied him the opportunity to file an appeal or proceed through the prison's internal grievance system. Instead, he merely alleges that defendants rendered an adverse decision after conducting disciplinary hearings and reviewing his appeals. Reddick's dissatisfaction with defendants' decision to deny his administrative appeals does not constitute a liberty interest

10

protected by the Fourteenth Amendment.  Accordingly, I conclude that he has failed to state a cognizable due process claim under the Fourteenth Amendment.

### Conclusion

For the reasons stated above, I find that Reddick has failed to state a claim upon which relief may be granted and recommend dismissal of the complaint in its entirety.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: May 25, 2005

cc:    Dwayne A. Reddick, *pro se*